IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MAKALE KAREEM LEWIS,

    Defendant.

Case No. 24-CR-00288-SEH

**OPINION AND ORDER**

Before the Court is Defendant Makale Kareem Lewis's Motion to Dismiss the Indictment. [ECF No. 18]. For the reasons provided below, the motion is denied.

**I. Procedural History**

A federal grand jury charged Lewis with one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) at 924(a)(8). [ECF No. 2]. Lewis moves to dismiss the indictment; he contends that the criminal statute under which he is charged, Section 922(g)(1), is unconstitutional as applied to him. [ECF No. 18 at 1–2]. After Defendant filed the motion to dismiss, a grand jury returned a superseding indictment, adding one additional charge of being a felon in possession of a firearm and ammunition. [ECF No. 20]. The charges in the superseding indictment are

also brought under 18 U.S.C. §§ 922(g)(1) and 924(a)(8). A superseding indictment can sometimes moot a pending motion to dismiss. *See United States v. Sells*, No. 22-CR-00427-02-SEH, 2024 WL 4256705, at *2 (N.D. Okla. Sept. 20, 2024). Under these circumstances, however, mooting Defendant's pending motion to dismiss would "exalt form over substance" to the detriment of all involved in this case. *Bird v. Easton*, 859 F. App'x 299, 302 (10th Cir. 2021) (mem) (quoting 6 Charles Alan Wright, et al., Federal Practice & Procedure § 1476 (3d ed.) (Apr. 2021 Update)).

Because the superseding indictment in this case only adds another charge under Section 922(g)(1), the same arguments raised as to the indictment apply equally to the superseding indictment. The Court will, therefore, address the merits of Defendant's motion as applied to the superseding indictment. *See, e.g., United States v. Scott*, No. 10–20235, 2015 WL 1885253, at *1 (E.D. Mich. Apr. 24, 2015).

## II. Analysis

Defendant's motion is one of many similar motions filed across the country challenging the constitutionality of federal felon-in-possession statutes such as Section 922(g)(1) following the Supreme Court's decisions in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. \_\_\_, 144 S. Ct. 1889 (2024). The undersigned has recently issued rulings on several of these motions. *United States v. Sutton*, No. 24-

CR-00168-SEH, 2024 WL 3932841 (N.D. Okla. Aug. 23, 2024); *United States v. Wallace*, No. 24-CR-00121-SEH, 2024 WL 4256707 (N.D. Okla. Sept. 20, 2024); *United States v. Ellett*, No. 24-CR-00193-SEH, 2024 WL 4476662 (N.D. Okla. Oct. 11, 2024). The defendants in these cases argued that the federal felon-in-possession statutes, which criminally prohibit convicted felons from possessing firearms and ammunition, violate their Second Amendment right to keep and bear arms.

The arguments raised by Lewis are similar to those made by the defendants in *Sutton*, *Wallace*, and *Ellett*. Lewis's motion is nearly identical to the motion in *Wallace*. In response, the government asserts essentially the same arguments as those it has argued before the Court in these other cases. Therefore, for the reasons the Court set forth in *Sutton*, *Wallace*, and *Ellett*, the Court denies Lewis's motion. The Court's fundamental finding remains the same: *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009) remains binding Tenth Circuit precedent, and this Court is obligated to follow that decision and deny Lewis's motion. *See also United States v. Curry*, No. 23-1047, 2024 WL 3219693 at *4 n.7 (10th Cir. June 28, 2024) (unpublished). However, even under the framework set out in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), the result is the same. Because this Nation's historical tradition of firearm regulation at and around the time of the founding includes laws that are analogous to the contemporary

disarmament of convicted felons like Lewis, Section 922(g)(1) is a valid exercise of congressional authority. *Sutton*, 2024 WL 3932841, at *4.

### III. Conclusion

For the reasons explained in the Court's prior orders cited above and the additional reasons stated in this order, Defendant Makale Kareem Lewis's motion to dismiss the indictment [ECF No. 18] is DENIED.

DATED this 29th day of October, 2024.

*Sara Hill*
Sara E. Hill
UNITED STATES DISTRICT JUDGE